PER CURIAM.
11 Plaintiff, Tony Noto filed the instant writ application in 2007, seeking review of a ruling of the 21st Judicial District Court for the Parish of Tangipahoa denying plaintiffs motion for preliminary default against DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation. After the application was filed, Daimler-Chrysler Corporation and DaimlerChrys-ler Motors Corporation advised this court the matter was removed to federal court. Thereafter, the federal court issued a limited remand for purposes of allowing this court to resolve plaintiffs pending writ application. However, prior to this court’s consideration of the application, Daimler-Chrysler Corporation and DaimlerChrys-ler Motors Corporation filed a “Notice of Suggestion of Bankruptcy,” indicating they filed a petition for bankruptcy on April 30, 2009. Based on the bankruptcy stay, this court took no action of the writ application.
On April 13, 2011, plaintiff filed a pleading captioned “Rule to Show Cause of Tony Noto, Jr.” In that pleading, plaintiff raised questions as to whether the Chrysler entities named as defendants in the instant suit (DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation) are the same Chrysler entities in bankruptcy. Pursuant to plaintiffs motion, we issued a rule to show cause to | gDaimlerChrysler Corporation and Daim-lerChrysler Motors Corporation, directing them to submit “a copy of any filing for bankruptcy by such entities or any proof that there is any cause as to why this matter should not be re-opened and the writ that is pending be considered for ruling by this court.”
Pursuant to that order, defendants submitted a response indicating the entities formerly known as “DaimlerChrysler Corporation” and “DaimlerChrysler Motors Corporation” are no longer in existence. According to defendants, these two entities underwent name changes that eventually led them to being known as Chrysler, LLC and Chrysler Motors, LLC, each of which filed for bankruptcy protection. Subsequently, both of these entities were dissolved, and their assets are included in the Old Careo Liquidation Trust. According to defendants, the bankruptcy court issued an order enjoining plaintiff from “commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against” any of the bankrupts in In re Old Careo LLC (f/k/a Chrysler LLC), et al., Case No. 09-50002, 2009 WL 1169382 (S.D.N.Y.). Thus, defendants maintain plaintiff is permanently enjoined from continuing this litigation or otherwise prosecuting his claims, in any manner.
In response to defendants’ filing, plaintiff filed an opposition. Essentially, plaintiff argues the true defendant in this matter is Daimler AG, an entity which was never discharged in bankruptcy. Plaintiff indicates additional discovery is necessary on this issue.
Based on the information submitted, we believe defendants produced evidence establishing DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation have been discharged in bankruptcy. However, we also recognize plaintiff indicates 13that after appropriate discovery, he could produce evidence disputing defendants’ evidence. .
Accordingly, without reaching the merits, we will dismiss plaintiffs application without prejudice, reserving plaintiffs right to refile his application in the event a court determines his suit against Daimler-Chrysler Corporation and DaimlerChrys-ler Motors Corporation remains viable.